18-595
Sherpa v. Barr

BIA
Tsankov, IJ
A202 078 593

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of December, two thousand nineteen.

PRESENT:
>  DENNIS JACOBS,
>  JOSÉ A. CABRANES,
>  ROBERT D. SACK,
>  *Circuit Judges.*

_____

SANGE SHERPA, AKA SHERPA SANGE,
>  *Petitioner,*

>  v.                                                  18-595
                                                        NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:                Jason Schaffer, Mungoven &
                               Assoc., P.C., New York, NY.

FOR RESPONDENT:                Joseph H. Hunt, Assistant
                               Attorney General; Anthony P.
                               Nicastro, Assistant Director;
                               Tracey N. McDonald, Trial
                               Attorney, Office of Immigration
                               Litigation, United States
                               Department of Justice, Washington,
                               DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sange Sherpa, a native and citizen of Nepal, seeks review of a January 30, 2018, decision of the BIA affirming a February 28, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sange Sherpa,* No. A202 078 593 (B.I.A. Jan. 30, 2018), *aff'g* No. A202 078 593 (Immig. Ct. N.Y. City Feb. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the

2

applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Sherpa was not credible as to his claim that Maoists attacked him in Nepal on account of his membership in the Nepal Student Union.

The agency reasonably relied on Sherpa's inconsistent evidence regarding whether he was attacked in October or November 2013; when he was attacked in relation to his departure from Nepal; whether he was injured during the first or second of two incidents; and when and how he obtained his corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Sherpa did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be

3

*compelled* to credit his testimony." (internal quotation marks omitted)).

Given the inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
